# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

### CLERK'S CERTIFICATE AND APPEALS COVER SHEET

### ABBREVIATED ELECTRONIC RECORD

Case Caption: _____ Jarvis et al v. Village Vault, Inc. et al _____

District Court Number: _____ 12cv40032-LTS _____

Fee:    Paid?   Yes _X__   No _____   Government filer _____   *In Forma Pauperis* Yes _____   No _____

Motions Pending          Yes _____ No _X___          Sealed documents          Yes _____ No _X___
*If yes, document #* _____          *If yes, document #* _____

*Ex parte* documents     Yes _____ No _X___          Transcripts          Yes _____ No _X___
*If yes, document #* _____          *If yes, document #* _____

Notice of Appeal filed by: Plaintiff/Petitioner _X__   Defendant/Respondent _____   Other: _____

Appeal from:

## #71 Memorandum and Order, #78 Final Judgment
Other information:

I, Robert M. Farrell, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed electronic documents:

## #71, #78, and #79
with the electronic docket sheet, constitute the abbreviated record on appeal in the above entitled case for the Notice of Appeal # _79_____ filed on _November 26, 2014_____.

In testimony whereof, I hereunto set my hand and affix the seal of this Court on _November 28, 2014_.

**ROBERT M. FARRELL**
Clerk of Court

_/s/Matthew A. Paine_____
Deputy Clerk

COURT OF APPEALS DOCKET NUMBER ASSIGNED: _____

### PLEASE RETURN TO THE USDC CLERK'S OFFICE

<span style="color:green;">APPEAL</span>

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:12-cv-40032-LTS

| | |
|---|---|
| Jarvis et al v. Village Vault, Inc. et al | Date Filed: 03/27/2012 |
| Assigned to: District Judge Leo T. Sorokin | Date Terminated: 10/28/2014 |
| Cause: 42:1983 Civil Rights Act | Jury Demand: Defendant |
| | Nature of Suit: 950 Constitutional - State Statute |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Russell Jarvis**      represented by  **David D. Jensen**
David Jensen PLLC
111 John Street, Suite 420
New York, NY 10038
212-380-6615
Email: david@djensenpllc.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Patrick M. Groulx**
Donahue Grolman & Earle
321 Columbus Avenue
Boston, MA 02116
617-859-8966
Fax: 617-859-8903
Email: patrick@d-and-g.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**James Jarvis**      represented by  **David D. Jensen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Patrick M. Groulx**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Robert Crampton**      represented by  **David D. Jensen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

Patrick M. Groulx
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Commonwealth Second Amendment,**          represented by   **David D. Jensen**
**Inc.**                                                      (See above for address)
                                                             *PRO HAC VICE*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Patrick M. Groulx**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Mary Elizabeth Heffernan**                represented by   **David R. Marks**
*Secretary, in her Official Capacity as*                     Office of the Attorney General
*Secretary of the Executive Office of*                       One Ashburton Place, 18th Flr.
*Public Safety and Security*                                 Boston, MA 02108-1698
                                                             617-963-2362
                                                             Email: david.marks@ago.state.ma.us
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Village Gun Shop, Inc.**                  represented by   **James J. Gribouski**
*TERMINATED: 10/17/2014*                                     Glickman, Sugarman, Kneeland &
*doing business as*                                          Gribouski
Village Vault                                                11 Harvard St.
*TERMINATED: 10/17/2014*                                     P.O. Box 2917
                                                             Worcester, MA 01613
                                                             508-756-6206
                                                             Fax: 508-831-0443
                                                             Email: mogulesq@charter.net
                                                             *TERMINATED: 09/19/2012*
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Wayne M. LeBlanc**
                                                             Glickman Sugarman Kneeland &
                                                             Gribouski
                                                             11 Harvard Street
                                                             P.O. Box 2917
                                                             Worcester, MA 01613-2917
                                                             508-756-6206
                                                             Email: wmlesq12@yahoo.com
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**David J. Kneeland , Jr.**
Glickman Sugarman Kneeland &
Gribouski
11 Harvard Street
P.O. Box 2917
Worcester, MA 01613-2917
(508) 756-6206
Email: kneeland@gskandg.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/27/2012 | 1 | COMPLAINT against All Defendants Filing fee: $ 350, receipt number 0101-3873689 (Fee Status: Filing Fee paid), filed by Commonwealth Second Amendment, Inc., Robert Crampton, James Jarvis, Russell Jarvis. (Attachments: # 1 Civil Cover Sheet, # 2 Category Form)(Groulx, Patrick) (Entered: 03/27/2012) |
| 03/27/2012 | 2 | CORPORATE DISCLOSURE STATEMENT by Commonwealth Second Amendment, Inc.. (Groulx, Patrick) (Entered: 03/27/2012) |
| 03/27/2012 | 3 | MOTION for Leave to Appear Pro Hac Vice for admission of David D. Jansen Filing fee: $ 100, receipt number 0101-3873727 by Commonwealth Second Amendment, Inc., Robert Crampton, James Jarvis, Russell Jarvis. (Attachments: # 1 Affidavit of David D. Jensen, Esq.)(Groulx, Patrick) (Entered: 03/27/2012) |
| 03/28/2012 | | Case transferred to Eastern Division (Boston). Case filed in wrong division. (Burgos, Sandra) (Entered: 03/28/2012) |
| 03/28/2012 | | Case transferred in from Central Division (Worcester) on 3/28/12 Case Number 4:12-cv-40032. (Abaid, Kimberly) (Entered: 03/28/2012) |
| 03/28/2012 | | ELECTRONIC NOTICE of Case Assignment. Judge Joseph L. Tauro assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Judith G. Dein. (Abaid, Kimberly) (Entered: 03/28/2012) |
| 03/28/2012 | 4 | Summons Issued as to Mary Elizabeth Heffernan, Village Vault, Inc.. **Counsel receiving this notice electronically should download this summons, complete one for each defendant and serve it in accordance with Fed.R.Civ.P. 4 and LR 4.1. Summons will be mailed to plaintiff(s) not receiving notice electronically for completion of service.** (Maynard, Timothy) (Entered: 03/28/2012) |
| 04/06/2012 | | Judge Joseph L. Tauro: ELECTRONIC ORDER entered ALLOWED 3 Motion for Leave to Appear Pro Hac Vice Added David D. Jansen. **Attorneys admitted Pro Hac Vice must register for electronic filing if the attorney does not already have an ECF account in this district. To register go to the Court website at www.mad.uscourts.gov. Select Case Information, then Electronic Filing (CM/ECF) and go to the CM/ECF Registration Form.** (Geraldino-Karasek, Clarilde) (Entered: 04/06/2012) |

| 04/27/2012 | 5 | AMENDED COMPLAINT against All Defendants, filed by Commonwealth Second Amendment, Inc., Robert Crampton, James Jarvis, Russell Jarvis. (Jensen, David) (Entered: 04/27/2012) |
|---|---|---|
| 05/15/2012 | 6 | SUMMONS Returned Executed Village Gun Shop, Inc. served on 5/8/2012, answer due 5/29/2012. (Jensen, David) (Entered: 05/15/2012) |
| 05/15/2012 | 7 | SUMMONS Returned Executed Mary Elizabeth Heffernan served on 5/9/2012, answer due 5/30/2012. (Jensen, David) (Entered: 05/15/2012) |
| 05/24/2012 | 8 | ANSWER to 5 Amended Complaint by Village Gun Shop, Inc.. (Attachments: # 1 Certificate of Service)(Gribouski, James) (Entered: 05/24/2012) |
| 05/30/2012 | 9 | NOTICE of Appearance by David R. Marks on behalf of Mary Elizabeth Heffernan (Marks, David) (Entered: 05/30/2012) |
| 05/30/2012 | 10 | MOTION for Extension of Time to 06/26/2012 to File Answer by Mary Elizabeth Heffernan.(Marks, David) (Entered: 05/30/2012) |
| 05/31/2012 | | Judge Joseph L. Tauro: ELECTRONIC ORDER entered ALLOWED 10 Motion for Extension of Time to Answer. Mary Elizabeth Heffernan Answer due 6/26/2012. (Geraldino-Karasek, Clarilde) (Entered: 05/31/2012) |
| 06/26/2012 | 11 | *Answer of Defendant Mary E. Heffernan, in her Official Capacity as Secretary of Public Safety and Security* ANSWER to 5 Amended Complaint by Mary Elizabeth Heffernan.(Marks, David) (Entered: 06/26/2012) |
| 09/12/2012 | 12 | NOTICE of Scheduling Conference set for 10/4/2012 02:15 PM in Courtroom 22 before Judge Joseph L. Tauro. (Geraldino-Karasek, Clarilde) (Entered: 09/12/2012) |
| 09/12/2012 | 13 | Judge Joseph L. Tauro: RULE 26 DISCOVERY ORDER entered. (Geraldino-Karasek, Clarilde) (Entered: 09/12/2012) |
| 09/18/2012 | 14 | CORPORATE DISCLOSURE STATEMENT by Village Gun Shop, Inc.. (Attachments: # 1 second page, # 2 Certificate of Service)(LeBlanc, Wayne) (Entered: 09/18/2012) |
| 09/18/2012 | 15 | NOTICE of Appearance by Wayne M. LeBlanc on behalf of Village Gun Shop, Inc. (Attachments: # 1 Certificate of Service)(LeBlanc, Wayne) (Entered: 09/18/2012) |
| 09/18/2012 | 16 | NOTICE of Appearance by David J. Kneeland, Jr on behalf of Village Gun Shop, Inc. (Attachments: # 1 Certificate of Service)(Kneeland, David) (Entered: 09/18/2012) |
| 09/18/2012 | 17 | NOTICE of Withdrawal of Appearance by James J. Gribouski (Attachments: # 1 Certificate of Service)(Gribouski, James) (Entered: 09/18/2012) |
| 09/27/2012 | 18 | JOINT SUBMISSION pursuant to Local Rule 16.1 by Commonwealth Second Amendment, Inc., Robert Crampton, James Jarvis, Russell Jarvis.(Jensen, David) (Main Document 18 replaced on 10/10/2012 and Additional attachment added on 10/10/2012: # 1 Certificate of Service to correct docket as to attachment not describe properly ) (Geraldino-Karasek, Clarilde). (Entered: 09/27/2012) |

| | | |
|---|---|---|
| 10/04/2012 | 19 | ELECTRONIC Clerk's Notes for proceedings held before Judge Joseph L. Tauro: Scheduling Conference held on 10/4/2012. (see order for details) (Court Reporter: Carol Scott at 617-330-1377.)(Attorneys present: Jensen,Groulx,pltfs;Leblanc,Marks,deft.) (Lovett, Zita) (Entered: 10/04/2012) |
| 10/09/2012 | 20 | Judge Joseph L. Tauro: SCHEDULING ORDER entered. After a Scheduling Conference on October 4, 2012, this court hereby orders that:Counsel for Defendant Secretary Heffernan shall request that the appropriate parties in the Executive Office of Public Safety and Security consider the claimsraised by Plaintiffs Complaint and propose appropriate relief if the ExecutiveOffice determines that a remedy is required. Counsel for Defendant Secretary Heffernan shall file a report outlining the results of his inquiry by 11/1/2012. The Parties shall file their lists of proposed deponents by 10/12/2012. No further discovery is permitted without leave of this court. A Further Conference is set for 11/1/2012 12:30 PM in Courtroom 22 before Judge Joseph L. Tauro. IT IS SO ORDERED. (Geraldino-Karasek, Clarilde) (Entered: 10/10/2012) |
| 10/10/2012 | 21 | Defendant's List of Proposed Deponents submitted by Village Gun Shop, Inc . (Attachments: # 1 Certificate of Service)(LeBlanc, Wayne) Modified docket text on 10/10/2012 to correct docket entry (Geraldino-Karasek, Clarilde). (Entered: 10/10/2012) |
| 10/10/2012 | 22 | CERTIFICATION pursuant to Local Rule 16.1 by Commonwealth Second Amendment, Inc., Robert Crampton, James Jarvis, Russell Jarvis. (Attachments: # 1 Plaintiff's Certification LR 16.1 (d)(3)) Re-Docketed by Court Staff. Please note that CERTIFICATION pursuant to Local Rule 16.1 is to be filed as separate entry . (Geraldino-Karasek, Clarilde) (Entered: 10/10/2012) |
| 10/10/2012 | 23 | CERTIFICATION pursuant to Local Rule 16.1 by Village Gun Shop, Inc. Re-Docketed by Court Staff. Please note that CERTIFICATION pursuant to Local Rule 16.1 is to be filed as separate entry (Geraldino-Karasek, Clarilde) (Entered: 10/10/2012) |
| 10/10/2012 | 24 | CERTIFICATION pursuant to Local Rule 16.1 by Mary Elizabeth Heffernan. Re-Docketed by Court Staff. Please note that CERTIFICATION pursuant to Local Rule 16.1 is to be filed as separate entry(Geraldino-Karasek, Clarilde) (Entered: 10/10/2012) |
| 10/10/2012 | 25 | NOTICE by Commonwealth Second Amendment, Inc., Robert Crampton, James Jarvis, Russell Jarvis *Plaintiffs' Notice of Proposed Deponents* (Jensen, David) (Entered: 10/10/2012) |
| 10/24/2012 | 26 | ELECTRONIC NOTICE Canceling Hearing of 11/1/2012. A new date will be announced by the court. (Lovett, Zita) (Entered: 10/24/2012) |
| 10/31/2012 | 27 | STATUS REPORT *of Counsel for Defendant Secretary Heffernan* by Mary Elizabeth Heffernan. (Marks, David) (Entered: 10/31/2012) |
| 09/26/2013 | 28 | NOTICE by the court: Counsel shall file forthwith a status report in this case. (Lovett, Zita) (Entered: 09/26/2013) |
| 10/04/2013 | 29 | STATUS REPORT by Commonwealth Second Amendment, Inc., Robert Crampton, James Jarvis, Russell Jarvis. (Jensen, David) (Entered: 10/04/2013) |

| | | |
|---|---|---|
| 10/11/2013 | 31 | STATUS REPORT *of Counsel for Defendant Secretary Cabral* by Mary Elizabeth Heffernan. (Marks, David) (Entered: 10/11/2013) |
| 10/14/2013 | 32 | MOTION for Partial Summary Judgment *against Defendant Village Gun Shop, Inc.* by Commonwealth Second Amendment, Inc., Robert Crampton, James Jarvis, Russell Jarvis.(Jensen, David) (Entered: 10/14/2013) |
| 10/14/2013 | 33 | MEMORANDUM in Support re 32 MOTION for Partial Summary Judgment *against Defendant Village Gun Shop, Inc.* filed by Commonwealth Second Amendment, Inc., Robert Crampton, James Jarvis, Russell Jarvis. (Jensen, David) (Entered: 10/14/2013) |
| 10/14/2013 | 34 | Statement of Material Facts L.R. 56.1 re 32 MOTION for Partial Summary Judgment *against Defendant Village Gun Shop, Inc.* filed by Commonwealth Second Amendment, Inc., Robert Crampton, James Jarvis, Russell Jarvis. (Jensen, David) (Entered: 10/14/2013) |
| 10/14/2013 | 35 | AFFIDAVIT in Support re 32 MOTION for Partial Summary Judgment *against Defendant Village Gun Shop, Inc. by Plaintiff Russell Jarvis* filed by Commonwealth Second Amendment, Inc., Robert Crampton, James Jarvis, Russell Jarvis. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Certificate of Service)(Jensen, David) (Entered: 10/14/2013) |
| 10/14/2013 | 36 | AFFIDAVIT of James Jarvis in Support re 32 MOTION for Partial Summary Judgment *against Defendant Village Gun Shop, Inc.* filed by Commonwealth Second Amendment, Inc., Robert Crampton, James Jarvis, Russell Jarvis. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Certificate of Service)(Jensen, David) (Entered: 10/14/2013) |
| 10/14/2013 | 37 | AFFIDAVIT of Robert Crampton in Support re 32 MOTION for Partial Summary Judgment *against Defendant Village Gun Shop, Inc.* filed by Commonwealth Second Amendment, Inc., Robert Crampton, James Jarvis, Russell Jarvis. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Certificate of Service)(Jensen, David) (Entered: 10/14/2013) |
| 10/14/2013 | 38 | AFFIDAVIT of James Jarvis, Jr. in Support re 32 MOTION for Partial Summary Judgment *against Defendant Village Gun Shop, Inc.* filed by Commonwealth Second Amendment, Inc., Robert Crampton, James Jarvis, Russell Jarvis. (Attachments: # 1 Appendix Assignment of Claims)(Jensen, David) (Entered: 10/14/2013) |
| 11/04/2013 | 39 | First MOTION for Extension of Time to File *Opposition to Plaintiffs' Motion for Partial Summary Judgment* by Village Gun Shop, Inc.. (Attachments: # 1 COS)(LeBlanc, Wayne) (Entered: 11/04/2013) |
| 11/04/2013 | 40 | Judge Joseph L. Tauro: ELECTRONIC ORDER entered granting 39 Motion for Extension of Time to File (Lovett, Zita) (Entered: 11/04/2013) |
| 11/21/2013 | 41 | MOTION for Extension of Time to 01/22/2014 to Complete Discovery *Defendant Secretary Motion Under Fed. R. Civ. P. 56(d) to Defer Response to Plaintiffs' Motion for Partial Summary Judgment and For Leave to Conduct Limited Discovery Prior to Responding to Plaintiffs' Motion for Partial Summary Judgment* by Mary Elizabeth Heffernan. (Attachments: # 1 Affidavit Affidavit with Attachment A)(Marks, David) (Entered: 11/21/2013) |

| | | |
|---|---|---|
| 11/22/2013 | 42 | Assented to MOTION for Extension of Time to December 6, 2013 to File Response/Reply as to 32 MOTION for Partial Summary Judgment *against Defendant Village Gun Shop, Inc.* by Mary Elizabeth Heffernan. (Attachments: # 1 Affidavit)(Marks, David) (Entered: 11/22/2013) |
| 11/22/2013 | 43 | AFFIDAVIT in Opposition . (Attachments: # 1 Further Affidavit, # 2 COS)(LeBlanc, Wayne) (Entered: 11/22/2013) |
| 11/22/2013 | 44 | MEMORANDUM in Opposition re 32 MOTION for Partial Summary Judgment *against Defendant Village Gun Shop, Inc.* filed by Village Gun Shop, Inc.. (Attachments: # 1 COS)(LeBlanc, Wayne) (Entered: 11/22/2013) |
| 11/22/2013 | 45 | Opposition re 32 MOTION for Partial Summary Judgment *against Defendant Village Gun Shop, Inc.* filed by Village Gun Shop, Inc.. (Attachments: # 1 COS)(LeBlanc, Wayne) (Entered: 11/22/2013) |
| 11/22/2013 | 46 | Response by Village Gun Shop, Inc. . (Attachments: # 1 COS)(LeBlanc, Wayne) (Entered: 11/22/2013) |
| 11/26/2013 | 47 | Consent MOTION for Extension of Time to December 4, 2013 to File response to motion to defer, Doc. No. 41 by Commonwealth Second Amendment, Inc., Robert Crampton, James Jarvis, Russell Jarvis.(Jensen, David) (Entered: 11/26/2013) |
| 12/05/2013 | 48 | Judge Joseph L. Tauro: ORDER entered. This court hereby orders that: The Parties shall submit a joint proposal recommending a discovery schedule and time frame for responding to Plaintiffs's Motion for Partial Summary Judgment 32 by December 11, 2013. In light of this order and the Parties attempt to reach an agreement regarding discovery matters, Defendant Cabrals Rule 56(d) Motion 41 , Defendant Cabral's Assented-to Motion to Extend 42 , and Plaintiffs Consent Motion for Additional Time 47 are DENIED AS MOOT. The deadline for responding to Plaintiffs' Motion for Partial Summary Judgment 32 is postponed until this court has received and considered the Parties' joint proposal. In the event that the Parties are unable to reach an agreement, they may resubmit their motions for extension of time to respond. IT IS SO ORDERED. (Geraldino-Karasek, Clarilde) (Entered: 12/05/2013) |
| 12/11/2013 | 49 | STIPULATION re 48 Order on Motion for Extension of Time to Complete Discovery, Order on Motion for Extension of Time to File Response/Reply,,,,,,,,,, *Joint Proposed Stipulation Regarding Discovery* by Commonwealth Second Amendment, Inc., Robert Crampton, James Jarvis, Russell Jarvis. (Jensen, David) (Entered: 12/11/2013) |
| 12/19/2013 | 51 | Judge Joseph L. Tauro: ORDER entered. STIPULATION and ORDER Regarding 49 Discovery. (Geraldino-Karasek, Clarilde) (Entered: 01/30/2014) |
| 01/07/2014 | 50 | Judge Joseph L. Tauro: ORDER entered. After considering the Parties Stipulation Regarding Discovery 49 , this court hereby orders that:Defendant Secretary Cabral may conduct the following depositions: (1) Russell Jarvis; (2) James Jarvis; and (3) Robert Crampton. No interrogatories shall be allowed. The above-listed depositions shall be completed no later than March 7, 2014. Defendant Secretary Cabral may also serve subpoenas duces tecum on pertinent police departments and other third parties as necessary to obtain documents relevant to Plaintiffs firearms and firearms licenses. Defendant Secretary Cabral |

| | | |
|---|---|---|
| | | shall make subpoenas returnable no more than 21 days from their dates of service. No further discovery is allowed without leave of this court. The licensing records of the Firearms Records Bureau and the respective police departments may be disclosed in this action consistently with M.G.L. c. 66, § 10(d). That section provides, in part, that authorities shall not disclose any records divulging or tending to divulge the names and addresses of persons who own or possess firearms... [and] of persons licensed to carry and/or possess the same... except to the extent such information relates solely to the person making the request and is necessary to the official interests of the entity making the request. Plaintiffs Russell Jarvis, James Jarvis, and Robert Crampton have requested disclosure under this provision of Massachusetts law and their consent is reflected in the Stipulation Regarding Discovery 49 . Defendant Secretary Cabral shall respond to Plaintiffs pending Motion for Partial Summary Judgment 32 by March 21, 2014. Defendant Village Gun Shop, Inc. may supplement or amend its response by March 21, 2014. Plaintiff's Motion for Partial Summary Judgment 32 is held in abeyance until Defendants responses become due on March 21, 2014. A further hearing will be scheduled. Set Deadlines as to 49 Stipulation, 32 MOTION for Partial Summary Judgment *against Defendant Village Gun Shop, Inc.*.( Responses due by 3/21/2014), ( Defendant Village Gun Shop, Inc. may supplement or amend its response by 3/21/2014.) IT IS SO ORDERED. (Geraldino-Karasek, Clarilde) (Entered: 01/07/2014) |
| 02/11/2014 | 52 | Joint MOTION for Reconsideration re 50 Order, Set Motion and R&R Deadlines/Hearings, Set Deadlines,,,,,,,,,,,,,,,,,,,,, 51 Stipulation and Order by Commonwealth Second Amendment, Inc., Robert Crampton, James Jarvis, Russell Jarvis.(Jensen, David) (Entered: 02/11/2014) |
| 02/14/2014 | 53 | Judge Joseph L. Tauro: ORDER entered.Having considered the Parties Joint Motion for Clarification and/or Reconsideration 52 , this court hereby orders that:Parties shall disregard docket entry 51 dated December 19, 2013. This was docketed in error. This courts January 7, 2013 Order 50 presently governs discovery in this matter. In light of the additional considerations raised by the Parties Joint Motion, a Status Conference will be held in the near future to set a discovery schedule and a briefing schedule on Plaintiffs' Motion for Partial Summary Judgment 32 . A date will be announced by the court. At said Status Conference, the Parties shall be prepared to discuss what discovery has already occurred and to propose an updated discovery schedule setting forth deadlines with exact dates. The Parties Joint Motion for Clarification and/or Reconsideration 52 is ALLOWED to the extent set forth in this Order. IT IS SO ORDERED (Geraldino-Karasek, Clarilde) (Entered: 02/18/2014) |
| 02/25/2014 | 54 | ELECTRONIC NOTICE of Hearing. Status Conference set for 3/11/2014 12:00 PM in Courtroom 22 before Judge Joseph L. Tauro. (Lovett, Zita) (Entered: 02/25/2014) |
| 03/11/2014 | 55 | ELECTRONIC Clerk's Notes for proceedings held before Judge Joseph L. Tauro: Status Conference held on 3/11/2014. An order will issue. (Court Reporter: Carol Scott at 617-330-1377.)(Attorneys present: Jensen,pltf; LeBlanc,Marks,deft.) (Lovett, Zita) (Entered: 03/11/2014) |
| 03/12/2014 | 56 | Judge Joseph L. Tauro: SCHEDULING ORDER entered:After a Scheduling Conference held on March 11, 2014, this court hereby orders that: The Parties |

| | | |
|---|---|---|
| | | are authorized to serve interrogatories on Robert Crampton. The interrogatories shall be served by April 3, 2014 and returned no later than May 3, 2014.The deadline for the Parties to complete the remaining deposition of Russell Jarvis is extended to May 24, 2014 ( Discovery to be completed by 5/24/2014 )Plaintiffs shall have until May 31, 2014 to amend their motion for partial summary judgment (due by 5/31/2014). Defendant Village Vault shall have until June 30, 2014 to amend or supplement its opposition. Defendant Secretary Andrea Cabral shall have until June 30, 2014 to file her response to the motion for partial summary judgment. Plaintiffs shall file their reply by the earlier of: (1) fourteen days after the second Defendant has filed or amended its opposition, or (2) July 14, 2014. ( Responses due by 6/30/2014( ( Replies due by 7/14/2014) A Further Conference set for 8/26/2014 11:00 AM in Courtroom 22 before Judge Joseph L. Tauro. Counsel for Defendant Secretary Cabral shall advise this court of times that are convenient for the Secretary to appear and discuss the status of any regulatory proposals relevant to this case. IT IS SO ORDERED. (Geraldino-Karasek, Clarilde) (Entered: 03/12/2014) |
| 05/14/2014 | 57 | ELECTRONIC NOTICE Setting Hearing on Motion 32 MOTION for Partial Summary Judgment *against Defendant Village Gun Shop, Inc.* : Motion Hearing set for 7/10/2014 02:30 PM in Courtroom 18 before Judge William G. Young. (Gaudet, Jennifer) (Entered: 05/14/2014) |
| 06/30/2014 | 58 | Joint MOTION to Continue Hearing to TBD *and to Amend Scheduling Order* by Mary Elizabeth Heffernan.(Marks, David) (Entered: 06/30/2014) |
| 07/02/2014 | 59 | Judge William G. Young: ELECTRONIC ORDER entered granting 58 Joint MOTION to Continue Hearing to TBD and to Amend Scheduling Order. (Paine, Matthew) (Entered: 07/03/2014) |
| 07/03/2014 | 60 | ELECTRONIC NOTICE Resetting Hearing on Motion 32 MOTION for Partial Summary Judgment *against Defendant Village Gun Shop, Inc.* : Motion Hearing reset for 9/19/2014 02:00 PM in Courtroom 18 before Judge William G. Young. This hearing will take place at Harvard Law School, Ames Courtroom, Austin Hall, Cambridge, MA. (Gaudet, Jennifer) (Entered: 07/03/2014) |
| 08/14/2014 | 62 | MOTION for Extension of Time to August 21, 2014 to File Memorandum Responsive to Plaintiff's Motion for Partial Summary Judgment by Mary Elizabeth Heffernan. (Attachments: # 1 Affidavit Affidavit of David R. Marks) (Marks, David) (Entered: 08/14/2014) |
| 08/15/2014 | 63 | First ADDENDUM re 62 MOTION for Extension of Time to August 21, 2014 to File Memorandum Responsive to Plaintiff's Motion for Partial Summary Judgment , 41 MOTION for Extension of Time to 01/22/2014 to Complete Discovery *Defendant Secretary Motion Under Fed. R. Civ. P. 56(d) to Defer Response to Plaintiffs' Motion for Partial Summary Judgment and For Leave to Conduct Limited Discovery Prior to,* 42 Assented to MOTION for Extension of Time to December 6, 2013 to File Response/Reply as to 32 *MOTION for Partial Summary Judgment against Defendant Village Gun Shop, Inc. filed by Village Gun Shop, Inc..* (Attachments: # 1 Certificate of Service)(LeBlanc, Wayne) (Entered: 08/15/2014) |
| 08/19/2014 | 64 | RESPONSE to Motion re 62 MOTION for Extension of Time to August 21, 2014 to File Memorandum Responsive to Plaintiff's Motion for Partial Summary |

| | | |
|---|---|---|
| | | Judgment *and Request for Concomitant Extension* filed by Commonwealth Second Amendment, Inc., Robert Crampton, James Jarvis, Russell Jarvis. (Jensen, David) (Entered: 08/19/2014) |
| 08/21/2014 | 65 | MEMORANDUM OF LAW by Mary Elizabeth Heffernan. (Marks, David) (Entered: 08/21/2014) |
| 08/21/2014 | 66 | Statement of Material Facts L.R. 56.1 re 32 MOTION for Partial Summary Judgment *against Defendant Village Gun Shop, Inc.* filed by Mary Elizabeth Heffernan. (Attachments: # 1 Exhibit Attachment A, # 2 Exhibit Attachment B, # 3 Exhibit Attachment C, # 4 Exhibit Attachment D, # 5 Exhibit Attachment E, # 6 Exhibit Attachment F, # 7 Exhibit Attachment G, # 8 Exhibit Attachment H, # 9 Exhibit Attachment I, # 10 Exhibit Attachment J, # 11 Exhibit Exhibit K)(Marks, David) (Entered: 08/21/2014) |
| 09/09/2014 | 67 | REPLY to Response to 32 MOTION for Partial Summary Judgment *against Defendant Village Gun Shop, Inc.* filed by Commonwealth Second Amendment, Inc., Robert Crampton, James Jarvis, Russell Jarvis. (Jensen, David) (Entered: 09/09/2014) |
| 09/09/2014 | 68 | Counter Statement of Material Facts L.R. 56.1 re 32 MOTION for Partial Summary Judgment *against Defendant Village Gun Shop, Inc. in response to Secretary Cabral's 66 Statement of Material Facts* filed by Commonwealth Second Amendment, Inc., Robert Crampton, James Jarvis, Russell Jarvis. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Jensen, David) (Entered: 09/09/2014) |
| 09/09/2014 | 69 | Counter Statement of Material Facts L.R. 56.1 re 32 MOTION for Partial Summary Judgment *against Defendant Village Gun Shop, Inc. in response to Village Gun Shop's 43 Affidavit of Peter Dowd* filed by Commonwealth Second Amendment, Inc., Robert Crampton, James Jarvis, Russell Jarvis. (Jensen, David) (Entered: 09/09/2014) |
| 09/19/2014 | 70 | ELECTRONIC Clerk's Notes for proceedings held before Judge William G. Young: Motion Hearing held on 9/19/2014 at Harvard Law School re 32 MOTION for Partial Summary Judgment *against Defendant Village Gun Shop, Inc.* filed by James Jarvis, Russell Jarvis, Commonwealth Second Amendment, Inc., Robert Crampton. After hearing from counsel, the Court takes the matter under advisement. This is a Judge Tauro case. The Court notifies the parties that once an Order enters the case will be randomly redrawn to another Judge. (Court Reporter: Richard Romanow at bulldog@richromanow.com.)(Attorneys present: Jensen and Groulx for the plaintiff, Marks for defendant Heffernan, LeBlanc for defendant Village Gun Shop, Inc.) (Gaudet, Jennifer) (Entered: 09/23/2014) |
| 10/15/2014 | 71 | Judge William G. Young: ORDER entered. MEMORANDUM AND ORDER"Village Gun Shop was not coerced by the government into violating the Owners rights, nor does it provide a traditional public function. Additionally, Village Gun Shops actions donot constitute a connection with state action sufficient towarrant a holding that it is a state actor under the nexus orjoint function test. The Court holds that Village Gun Shop isnot a state actor for the purposes of this section 1983 action.Accordingly, the Owners Motion for Partial Summary Judgment is24DENIED and summary judgment is GRANTED to |

| | | |
|---|---|---|
| | | Village Gun Shop. TheCourt has the undoubted authority to enter summary judgmentagainst the moving party pursuant to Federal Rule of CivilProcedure 56(f)(1). Judgment will enter in favor of Village GunShop at the close of the case.SO ORDERED."(Sonnenberg, Elizabeth) (Entered: 10/16/2014) |
| 10/17/2014 | 72 | ELECTRONIC NOTICE of Reassignment. District Judge Leo T. Sorokin added. Judge Joseph L. Tauro no longer assigned to case. (Abaid, Kimberly) (Entered: 10/17/2014) |
| 10/17/2014 | 73 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered. By October 24, 2014, the parties shall file a joint report informing the Court of their shared or separate views as to the claims, if any, remaining for trial, the anticipated duration of trial, and whether the Court should refer the parties to the Court's mediation program.( Status Report due by 10/24/2014)(Simeone, Maria) (Entered: 10/17/2014) |
| 10/24/2014 | 74 | JOINT STATEMENT of counsel . (Jensen, David) (Entered: 10/24/2014) |
| 10/27/2014 | 75 | District Judge Leo T. Sorokin: ORDER entered. 30 SETTLEMENT ORDER OF DISMISSAL AND CLOSING ORDER. (Simeone, Maria) (Entered: 10/27/2014) |
| 11/21/2014 | 76 | STIPULATION by Commonwealth Second Amendment, Inc., Robert Crampton, James Jarvis, Russell Jarvis. (Jensen, David) (Entered: 11/21/2014) |
| 11/24/2014 | 77 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered. ALLOWED. re 76 Stipulation filed by James Jarvis, Russell Jarvis, Commonwealth Second Amendment, Inc., Robert Crampton (Simeone, Maria) (Entered: 11/24/2014) |
| 11/24/2014 | 78 | District Judge Leo T. Sorokin: FINAL JUDGMENT entered. Final Judgment has entered in favor of Village Gun Shop as directed in Judge Youngs opinion docket number 71 dated October 15, 2014. So Ordered. (Simeone, Maria) (Entered: 11/24/2014) |
| 11/26/2014 | 79 | NOTICE OF APPEAL by Commonwealth Second Amendment, Inc., Robert Crampton, James Jarvis, Russell Jarvis Filing fee: $ 505, receipt number 0101-5299162 Fee Status: Not Exempt. NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov MUST be completed and submitted to the Court of Appeals. **Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf, Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf.** US District Court Clerk to deliver official record to Court of Appeals by 12/16/2014. (Jensen, David) (Entered: 11/26/2014) |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
RUSSELL JARVIS; JAMES JARVIS;           )
ROBERT CRAMPTON; and COMMONWEALTH        )
SECOND AMENDMENT, INC.                   )
                                        )
                Plaintiffs,             )
                                        )        CIVIL ACTION
            v.                          )        NO. 1:12-40032-JLT
                                        )
VILLAGE GUN SHOP; and SECRETARY          )
ANDREA CABRAL, in her Official          )
Capacity as Secretary of the            )
Massachusetts Executive Office of        )
Public Safety and Security,             )
                                        )
                Defendants.             )
_____)


YOUNG, D.J.                                      October 15, 2014

<u>MEMORANDUM AND ORDER</u>


## I.   Introduction

The Plaintiffs James Jarvis, Russell Jarvis, Robert

Crampton, and Commonwealth Second Amendment Inc. ("the Owners")

bring this 42 U.S.C. § 1983 action against the defendants

Village Gun Shop and Andrea Cabral, Secretary of the

Massachusetts Executive Office of Public Safety and Security.

The Owners allege that Secretary Cabral and Village Gun Shop

violated their Fourteenth Amendment rights to due process of the

law.  The Owners move for partial summary judgment, asking the

Court to rule that Village Gun Shop is a state actor, and it may be liable under section 1983 for damages stemming from a violation of due process.

## II.  Legal Framework

### A.  Relevant Statutory Framework for Firearm Ownership in Massachusetts

Massachusetts law requires that an individual obtain a Firearms Identification Card in order to possess, transfer or carry a firearm.  Mass. Gen. Laws ch. 140, §§ 129B, 129C.  A Firearm Identification Card can be suspended or revoked under specific circumstances defined by statute.  See Id. at §§ 129B, 131(d),(f).  Additionally, a Firearms Identification Card expires if not renewed within the time required by statute.  Id. at §§ 129B, 131(i).

If a Firearms Identification Card is suspended or revoked the former card holder must surrender all firearms and the police are authorized to confiscate both the invalid card and any weapons the previous card holder possesses.  See Id. at §§ 129B, 131(m). Once the owner surrenders the firearms, he or she may arrange for the property to be sold or transferred to a licensed person.  Id. at § 129D.  The police must hold the seized firearms for one year, but they are not required to maintain physical possession of the firearms for that entire year.  Id.  The police may transfer the firearms to a licensed

bonded warehouse for storage.  Id.  Upon transfer, the bonded

warehouse must: inspect the item, issue the owner a receipt

identifying the item as required by statute, and store the items

in accordance with licensing and statutory requirements.  Id.

Upon transfer to the bonded warehouse, the property owner

becomes liable for "reasonable" storage fees.  Id.  If the owner

has not paid the fees for ninety days, and fails to arrange for

a lawful transfer of the property, the bonded warehouse may

auction the property to recover its fees.  Id.

### A.   Summary Judgment

The Owners ask this Court to grant partial summary judgment

and rule that Village Gun Shop is a state actor and is thus

liable for any violation of the Owner's Fourteenth Amendment

right to due process.  Pls. Mem. Law Supp. Partial Summ. J.

Against Village Gun Shop, Inc. ("Pls.' Mem.") 1, ECF No. 33.

"The court shall grant summary judgment if the movant shows that

there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed. R. Civ.

P. 56.  "Only disputes over facts that might affect the outcome

of the suit under the governing law will properly preclude the

entry of summary judgment."  Anderson v. Liberty Lobby, Inc.,

477 U.S. 242, 248 (1986).  The facts recounted below – on which

the Court bases its decision – are undisputed.

## III. Factual Background

### A.   James Jarvis

 James Jarvis ("James") is a gun owner residing in Cheshire, Massachusetts.  Pls.' Statement Undisp. Material Facts ("Pls.' Facts") ¶ 1, ECF No. 34.  Prior to July 9, 2010, James held a valid Firearm Identification Card.  Am. Compl. 7, ECF No. 5.  On July 9, 2010, Massachusetts State Police arrested James for assault and battery on his wife.  Def. Sec'y Pub. Safety Statement Mat. Facts Resp. Pls.' Statement Material Facts("Def's Facts") ¶ 6, ECF No. 66.  On the same day, the North Adams District Court issued a temporary order of protection.  Pls.' Facts ¶ 19.  As a result of the restraining order, pursuant to state law, the police seized over thirty firearms, ammunition, and other weapons present at James's residence. Pls.' Facts ¶ 33; Def.'s Facts ¶ 6.  Additionally, on July 9, 2010, James appeared in the North Adams District Court, where a judge reviewed the restraining order issued that same morning.  Def.'s Facts ¶ 8.  The judge extended the order of protection until August 9, 2010, and set a hearing for that date.  Id.

James appeared at the August 9, 2010 hearing, represented by counsel.  Id. at ¶ 9.  The judge again extended the order of protection for approximately one year until August 2, 2011.  Id. Although James had been a licensed firearm carrier, his license was revoked as a result of the restraining order.  Pls.' Facts ¶

4

5.   Pursuant to Mass. Gen. Laws ch. 209A, § 3B, state police seized the firearms present at James's home.  Id. at ¶ 22. Additionally, the police notified James in writing that due to the restraining order, his Firearms Identification Card was suspended, and section 129D applied to the seizure of his firearms.  Def. Sec'y Pub. Safety's Mem. Opp'n Pls.' Mot. Partial Summ. J. Against Village Gun Shop, Inc. d/b/a Village Vault ("Def's Mem. Opp'n") 6, ECF No. 65.  Police held the seized firearms until August 11, 2010, at which time they transferred the firearms to Village Gun Shop, a licensed bonded warehouse operating in Northboro, Massachusetts.  Pls.' Mem. 5; Pls.' Facts ¶ 49.

Village Gun Shop received James's seized firearms from the police on August 11, 2010.  Pls.' Facts ¶ 49.  On that same day, Village Gun Shop sent James a receipt of the inventoried items and a written policy governing the associated fees.  Def.'s Mem. Opp'n 7.  James did not pay, however, and storage fees accrued totaling $5,634.25.  Pls.' Mem. 8; Pls.' Facts ¶¶ 47, 48. Village Gun Shop sent James written notice that the firearms would be auctioned to cover the storage fees if he failed to pay.  Def.'s Mem. Opp'n 7.  Village Gun Shop auctioned the firearms on May 21, 2011, and September 24, 2011, for a total of $2,695, and billed James $2,939.25 for the outstanding storage fees.  Pls.' Mem. 7, 8; Def.'s Mem. Opp'n 7.

### B.    Russell Jarvis

Russell Jarvis ("Russell") is a gun owner residing in Adams, Massachusetts.  Pls.' Facts ¶ 2.  Russell is James's Father, and stores his firearms in a locked gun cabinet at James's residence in Cheshire, Massachusetts.  Pls.' Facts ¶¶ 3, 11.  The firearms seized on July 9, 2010, included firearms purportedly owned by Russell.  Pls.' Facts ¶ 22.

After his firearms were seized in connection with the restraining order on James, Russell claims to have spoken with the police concerning the return of his firearms.  Pls.' Mem. 7, 8; Def.'s Mem. Opp'n 6.  At the time, however, Russell was not licensed to carry firearms, and therefore the police were unable to return the weapons to him.  Def.'s Mem. Opp'n 6. Additionally, James had moved into Russell's house in Adams, Massachusetts, and the weapons could not be transferred to that location as long as the restraining order was in effect.  Id.

Neither party claims that Russell was ever billed directly for firearms storage.  Nonetheless, Russell refused to pay Village Gun Shop's storage fees, claiming that Village Gun Shop had no right to charge the fees.  Pls.' Facts ¶¶ 47, 48.  His firearms were auctioned along with James's on May 21, 2011, and September 24, 2011.

C.   **Robert Crampton**

Robert Crampton ("Crampton") is a resident of Tewksbury, Massachusetts.  Pls.' Facts ¶ 37.  Crampton held a Firearms Identification Card issued to him in the 1970's.  Def.'s Facts ¶ 42.  The license stated that it was "valid unless revoked." Pls.' Facts ¶ 44.  Crampton, however, moved away from Massachusetts for some time, and when he returned the law had been amended to require renewal of all Firearm Identification Cards.  Pls.' Facts ¶ 44; see also 1998 Mass. Acts ch. 312, § 73, codified as amended at Mass. Gen. Laws ch. 140, § 129(b)(9). Crampton did not renew his original Firearm Identification Card. Def.'s Facts ¶ 44.

In April 2010, Crampton contacted Tewksbury Police in connection with the alleged robbery of his home.  Pls.' Facts ¶ 41.  Police responded to Crampton's call and, in the course of their investigation, became aware of Crampton's firearms. Def.'s Facts ¶ 45.  The police requested his Firearms Identification Card, and Crampton presented them with the expired card.  Id. at ¶ 45.  On June 2, 2010, the Tewksbury Police seized Crampton's firearms due to the fact that he no longer had a valid license to possess them.  Pls.' Facts ¶ 46. The police held the firearms until November 15, 2010, at which time the items were transferred to Village Gun Shop for storage. Id. at ¶ 53.

7

Village Gun Shop received Crampton's firearms from police on November 15, 2010.  Pls'. Mem. 5.  Village Gun Shop issued a receipt and fee policy to Crampton.  Id. at 6.  Crampton accrued storage fees of $586.  Id. at 8.  When Crampton's storage bill remained unpaid, Village Gun Shop auctioned the firearms for $185, and billed Crampton for the remaining $401 storage fee. Id.

### D.   Commonwealth Second Amendment, Inc.

Commonwealth Second Amendment, Inc. is a non-profit organization with its principal place of business in Natick, Massachusetts.  Am. Compl. 3.  It asserts that the purpose of the organization is research, education, publication, and legal action concerning Second Amendment rights.  Id. at 11. Commonwealth Second Amendment further claims that the organization has expended significant resources assisting members whose firearms are held in bonded warehouses, including Village Gun Shop, pursuant to Massachusetts General Laws chapter 140, section 129D.  Id.

## IV.  Analysis

The Owners filed this action pursuant to 42 U.S.C. § 1983, claiming that they experienced a deprivation of their Fourteenth Amendment right to due process.  Am. Compl. 5.  Specifically, the Owners claim that they were forced to pay storage fees without sufficient notice, and were permanently deprived of

their firearms without opportunity for a hearing.  Pls.' Mem. 2-3.  In this motion for partial summary judgment, the Owners ask the Court to rule that Village Gun Shop is a state actor for the purposes of this section 1983 action, and that Village Gun Shop is liable for damages accrued from the alleged due process violation.  Id.

### A.   Stating a Claim Under 42 U.S.C. § 1983

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged depravation was committed by a person acting under the color of state law." West v. Atkins, 487 U.S. 42, 49-50 (1988).  The Owners allege a violation of their Fourteenth Amendment right to due process.  Am. Compl.  Because this right is constitutional in nature, the first element of section 1983 is satisfied.

The Constitution secures rights and protections for the individual against government action.  Lugar v. Edmondson, 457 U.S. 922, 922-23 (1982).  Only the state, or an individual acting in an official capacity, can violate individual constitutional rights.  Id.  Private individuals and organizations, however, may also infringe on a protected right when acting on behalf of the state.  Id. at 929.  The Owners allege that Village Gun Shop, although a privately owned business, functioned as a state actor when it assessed fees for

9

storage and ultimately auctioned the seized firearms.  Am.

Compl. 12.  Specifically, the Owners allege that Village Gun

Shop deprived them of due process by assessing fees without

prior notice and permanently deprived them of their firearms at

auction with no opportunity for a hearing.  Id.  Because Village

Gun Shop cannot be liable for claims under section 1983 unless

it is considered a state actor, this Court must first determine

whether Village Gun Shop is a state actor within the meaning of

section 1983.

### 1.   State Action Under Section 1983

The Supreme Court has articulated several tests for

determining whether a private party is a state actor for the

purposes of section 1983.  Lugar, 457 U.S. at 937.  These tests

include: the state compulsion test, Adickes v. S.H. Kress & Co.,

398 U.S. 144 (1970); the nexus test, Jackson v. Metropolitan

Edison Co., 419 U.S. 345 (1974); the public function test, Marsh

v. Alabama, 326 U.S. 501 (1946); and the joint action test,

Flagg Brothers Inc. v. Brooks, 436 U.S. 149 (1978).  Courts

often use a combination of these tests or refer to several tests

interchangeably.  See, e.g., Estades-Negroni v. CPC Hospital San

Juan Capestrano, 412 F.3d 1 (1st Cir. 2005) ("We have employed

the following three tests to determine whether a private party

fairly can be characterized as a state actor: the state

compulsion test, the nexus/joint action test, and the public

function test."). In order fully to address the issue, this
Court conducts its analysis under each of these tests.

### a.   State Compulsion Test

The state compulsion test asks whether the state requires
or compels a private party to act in a way that violates a
constitutionally protected right.  Adickes, 398 U.S. at 169. The
Supreme Court confronted this issue in Adickes when it addressed
a state law that required restaurants to maintain segregated
seating and therefore discriminate on the basis of race.  Id.
The Adickes court held "that a State is responsible for the
discriminatory act of a private party when the State, by its
law, has compelled the act."  Id. at 170.  Because the
restaurant was compelled to discriminate on the basis of race by
law, the Supreme Court held that they were state actors and thus
could be liable for violating the Constitution by way of this
discrimination.  Id.

This test is an inappropriate fit in the present case
because state law does not require or compel Village Gun Shop to
act.  Village Gun Shop may seek a license to provide bonded
warehouse services, but the law does not require it to do so.
The police have a number of bonded warehouses to choose from,
and a facility affirmatively must seek a license to provide
bonded warehouse services.  Am. Compl. 1, 3.  Village Gun Shop
was not compelled by the state to obtain a license or provide

firearm storage services; therefore, Village Gun Shop cannot be considered a state actor under the state compulsion test.  Id.

### b.    Nexus Test

The nexus test asks "whether there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." Jackson, 419 U.S. at 351. In Jackson, the defendant was a privately owned electric company, certified by the State of Pennsylvania to provide electric services to the city of York, Pennsylvania.  Id. at 346.  Pursuant to the agreement between the State and the defendant, the company reserved the right to discontinue service with "reasonable notice."  Id.  The plaintiff, Jackson, was a resident of York and an electric services customer.  Id.  The electricity account at her residence, however, was in another resident's name.  Id.  After several months of unpaid electric bills, the defendant sent employees to the residence to inquire as to the whereabouts of the individual listed on the account. Id.  The employees returned the following day, and Jackson requested that the account be transferred to another name.  Id. Rather than transfer the account, the defendant closed the account, and the electricity was turned off with no further notice.  Id.

In <u>Jackson</u> the Supreme Court held that the defendant was not a state actor for the purposes of a section 1983 action. <u>Id.</u> at 354. The Court rejected Jackson's argument that holding a monopoly over a specific, widely used service created a sufficient nexus between government and private action to warrant a ruling that the defendant was a state actor. <u>Id.</u> Specifically, the Court noted that the State did not interfere with the charges and rate increases levied by the company, nor was the state involved in the general business practices of the company. <u>Id.</u> Additionally, the Court held that the fact that a private entity is highly regulated by the State does not by itself convert that entity into a state actor. <u>Id.</u> The Court reasoned that many private entities are subject to heavy government regulation, and the fact that a company is subject to regulation is not sufficient to answer the controlling question whether there is a sufficient nexus between the state and the private entity. <u>Id.</u>

Here the nexus between Village Gun Shop and the State is more attenuated than the nexus the Supreme Court found insufficient in <u>Jackson</u>. While the <u>Jackson</u> Court stated that a private company's monopoly over an industry is not dispositive of state action, Village Gun Shop does not even have such a monopoly. Pls.' Mem. Additionally, although Village Gun Shop is licensed as a bonded warehouse and regulated by the State,

the Court in <u>Jackson</u> found the existence of state regulation to
be insufficient grounds for finding state action.  Finally, like
the defendant in <u>Jackson</u>, Village Gun Shop is free to set its
own fee schedule and govern its own business practices which
have not been challenged by the State.  Pls'. Mem. 3.  Village
Gun Shop does provide a service that is authorized and regulated
by state law.  This, however, does not create a sufficient nexus
between the State and Village Gun Shop to warrant a ruling that
Village Gun Shop is a state actor under the nexus test.

### c.   Public Function Test

The public function test looks to whether the private
entity provides a service that exists "primarily to benefit the
public and [whose] operation is essentially a public function."
<u>Marsh</u>, 326 U.S. at 506.  If the service performed is
traditionally one that the State undertakes, then it can fairly
be described as a public function.  <u>Santiago</u> v. <u>Puerto Rico</u>, 655
F.3d 61, 69 (1st Cir. 2011).  The Supreme Court, however, has
discerned but few private company functions that rise to the
level of public functions and therefore create liability for
constitutional violations.  These few functions include "the
administration of elections, the operation of a company town,
eminent domain, peremptory challenges in jury selection, and, in
at least limited circumstances, the operation of a municipal

park." <u>Perkins</u> v. <u>Londonderry Basketball Club</u>, 196 F.3d 13, 19
(1st Cir. 1999).

The Supreme Court found state action in <u>Marsh</u> v. <u>Alabama</u>
where the entire town of Chickasaw was owned by a private
company.  326 U.S. at 506.  The company exercised extensive
control over the town's municipal functions and also paid the
town sheriff's salary.  <u>Id.</u>  The Court held that because the
company preformed many traditional government functions, the
company was a state actor under the public function test when it
infringed the First Amendment rights of a Jehovah's Witness
resident who wished to distribute literature on the sidewalks.
<u>Id.</u>

Conversely, the Court found no state action in <u>Rendell-
Baker</u> v. <u>Kohn</u>. 457 U.S. 830, 831-32 (1982).  In <u>Rendell-Baker</u>,
the defendants operated a private school that received state
funding and provided schooling to maladjusted students.  <u>Id.</u>
Several teachers brought an action claiming that the school had
violated several of their constitutional rights in connection
with their discharge.  <u>Id.</u>  The Court held as a preliminary
matter that the school did perform the public function of
providing education to certain students.  <u>Id.</u> at 842.  Simply
because a private entity provides a service to the public,
however, does not make them a state actor.  <u>Id.</u>  The Court
reasoned that education of students outside the public school

system was not a service traditionally provided by the state, and the legislature's recent decision to provide funding for alternative schools was evidence of the State's new involvement. Id.

The First Circuit relied heavily on Rendell-Baker in a case applying the public function test to a private busing company providing school busing services.  Santiago v. Puerto Rico, 655 F.3d 61 (2011).  The Santiago Court reasoned that busing, like alternative education, had long been supplied by private entities, and therefore could not be considered a traditional government function.  Id. at 69.  Similarly, the First Circuit applied the public function test in a gender discrimination case against a youth basketball league.  Perkins, 196 F.3d at 13. Again the Court held that youth sports were not a service traditionally provided by the states, and therefore the basketball league was not a state actor.  Id. at 19.

Village Gun Shop does provide a service to the public. Firearm storage, however, is not a service traditionally provided by the state.  The firearms in question are not being held as evidence, a function arguably reserved to the police. Under section 129D the police must hold the firearms for up to one year, but they are not obligated to retain physical possession for the entire period, as the owner may retrieve them with a valid Firearms Identification Card or transfer them to a

licensed third party.  Mass. Gen. Laws ch. 140, § 129D.  The
Owners may remove or transfer their property, or may conceivably
choose to store firearms beyond the one year period if they find
that the arrangement meets their needs.

The service that Village Gun Shop provides does not rise to
the level of government activity found in election
administration, privately owned towns, or corporately held
highways.  Terry v. Adams, 345 U.S. 461 (1953); Marsh, 326 U.S.
501; South Carolina State Highway Department v. Barnwell
Brothers, 303 U.S. 177 (1938).  The state does not traditionally
hold seized belongings for individuals once they are able to
claim them or provide for transfer to a third person.

This case is similar to Rendell-Baker and Santiago in one
other important respect.  In both Rendell-Baker and Santiago,
the State had only recently passed legislation authorizing
government involvement with the private service, leading courts
to reason that the service had not been traditionally performed
by the state.  Rendell-Baker, 457 U.S. at 831-32; Santiago, 655
F.3d at 70.  In this case, the statute allowing firearm
transfers to bonded warehouses is also relatively new, lending
further support to a holding that Village Gun Shop is not
performing a traditional government service, and is not a state
actor under the public function test.

### 4.   Joint Action Test

The final test for determining state action is the joint
action test.  This test finds state action where a "private
party's joint participation with state officials in the seizure
of disputed property is sufficient to characterize that party as
a 'state actor.'"  Lugar, 457 U.S. at 941.  Again, this test
speaks to a question of degree, and asks a court to determine
what is "sufficient" joint participation.

Flagg Brothers Inc. v. Brooks, 436 U.S. 149 (1978), is
instructive on this point.  Flagg Brothers operated a storage
facility in New York City.  Id. at 153.  Brooks, the plaintiff,
was evicted from her New York City apartment, and the city
marshal arranged for her belongings to be stored at the Flagg
Brothers facility.  Id.  Before the items were removed, Brooks
was notified of the costs associated with the moving and storage
of her belongings.  Id.  Brooks initially protested the cost and
the storage, but ultimately assented to the transfer.  Id.  She
continued to dispute the storage rates and refused to pay.  Id.
Ultimately, Flagg Brothers notified her that she had ten days to
remove her belongings, or pay the bill.  Id.  Under the
circumstances, New York Uniform Commercial Code § 7-210
authorized Flagg Brothers to sell the items to recover unpaid
storage fees.  Id.  Upon receiving notice, Brooks brought an

18

action seeking an injunction against the sale of the items and a section 1983 claim alleging a violation of due process.   _Id._

The Supreme Court found an insufficient connection between Flagg Brothers and the State, and held that Flagg Brothers was not a state actor.   _Id._ at 166.   The Court stated that the conflict was "a purely private dispute," and that the state involvement was simply a "system of rights and remedies" governing the dispute.   _Id._ at 160.   The Supreme Court pointed out that Brooks had many lawful options that did not include the sale of her belongings.   _Id._

_Flagg Brothers_ can be distinguished from the present case in that, in _Flagg Brothers_, the police never seized custody of the disputed property, nor did the police have a statutory duty to retain the property for any time.   _Id._   The lack of police involvement there reduced the interaction to one between private parties.   The Owners, however, do not dispute the lawful nature of the original seizure.   Therefore, the origin of the conflict here are the fees charged by Village Gun Shop.   This is arguably a dispute between a creditor and a debtor.   In this regard, the present case is analogous to _Flagg Brothers_, and section 129D simply governs the permissible action for a dispute of this nature between private parties.

The present case is analogous to _Flagg Brothers_ because like Brooks, the Owners may direct their property in many ways

19

that do not include the sale of the firearms.  436 U.S. 149; cf

Def.'s Mem. Opp'n 10-13.  The Owner's options include,

challenging the original seizure, retrieving the firearms from

the police before transfer to Village Gun Shop, transferring the

guns to a licensed third-party before transfer to Village Gun

Shop, retrieving the firearms from Village Gun Shop after

payment of fees, and continued storage at Village Gun Shop after

payment of fees.  Def.'s Mem. Opp'n 10-13.  State law creates

many avenues for resolving the concerns of the Owners, and

payment of fees was not the Owner's only option.

c.   **Towing and Impoundment Analogy**

The Owners analogize to towing and impoundment cases in

which certain circuit courts have held that companies providing

towing and impoundment services are state actors.  Pls.' Mem.

10-11.  Although several federal courts have addressed the

question of state action in the tow and impoundment context, see

Smith v. Inskey's Inc., 499 F.3d 875 (8th Cir. 2007); Coleman v.

Turpen, 697 F.2d 1341 (10th Cir. 1982); Stypmann v. City &

County of San Francisco, 557 F.2d 1338 (9th Cir. 1977), the

First Circuit has not addressed the issue.  The Owners rely

heavily on the Ninth Circuit decision, Stypmann v. City & County

of San Francisco, in support of their argument.  557 F.2d 1338.

In Stypmann, state law authorized the towing and

impoundment of vehicles impeding traffic on city streets and

20

highways.  Id. at 1342.  The decision to tow a vehicle was at
the discretion of the police officer, and after the tow the
officer notified the owner and included the grounds for the tow
and the location of the car.  Id.  Once the car was towed the
owner became liable for the cost of the tow and storage.  Id.
The tow company also obtained an immediate lien against the
property for the costs.  Id.

In the Ninth Circuit's brief discussion of state action,
the Court ruled "joint activity" existed between the police and
the tow and impound company, and held that the company was a
state actor.  Id.  Although the Owners analogize to this factual
situation in their brief, the relationship between the police
and the private companies here is distinctly different.  In
Stypmann the police were unable to accomplish the state's
purpose absent the action of the private company.  State law
authorized the police to have vehicles removed from public
roadways where their presence created a safety risk.  Id. at
1340.  The police, however, are unable to accomplish this goal
without the aid of a tow company.  Additionally, the size of the
seized property requires a large facility for storage, again
necessitating the joint action of the impound lot.  The police
cannot undertake the action without the joint action of the
private company.

In the present case the police do not require the assistance of Village Gun Shop to accomplish the State's goals. The police were able to seize the firearms with no assistance from Village Gun Shop.  Moreover, the police held the property for significant time with no assistance - over five months in Crampton's case.  The police required no action at all from Village Gun Shop to effect the seizure.  This distinction points up the significant divergence between the joint action present in Stypmann and the lack of joint action present in this case.

The Owners also cite Smith v. Inskey's Inc., 499 F.3d 875 (8th Cir. 2007), and Coleman v. Turpen, 697 F.2d 1341 (10th Cir. 1982), to support their argument.  Coleman and Smith also confront the issue of state action in the context of private towing and impoundment companies.  Both cases, however, deal with a factual situation separate from the one presented here. The properties seized in Coleman and Smith were seized in connection with a criminal investigation.  The Eighth Circuit in Smith reasoned that the tow company "was performing the traditional governmental function of seizing and securing property for a criminal investigation."  Smith, 499 F.3d at 880. Conversely, here the Owner's property was not seized or held by the police in connection with a criminal investigation.  The police only retain control of the firearms until they can be lawfully transferred out of their care.  This is not analogous

22

to the traditional government function of collection and
retention of evidence.

The analysis in Coleman is similar to that in Stypmann.   In
Coleman the Tenth Circuit focused on the joint action between
the police and the private company.   The court highlighted the
fact that the tow company was present throughout the entire
police action in regard to the property.   In the tow and impound
context the private company assists the police from start to
finish in the deprivation of property - put differently, it is
truly a joint action.   Unlike Coleman, Village Gun Shop does not
interact with the police until the property deprivation has
already occurred, and in some cases has been ongoing for quite
some time.   This case is not analogous to Coleman and there is
no joint action for the purposes of defining Village Gun Shop as
a state actor.

## V.   Conclusion

Village Gun Shop was not coerced by the government into
violating the Owner's rights, nor does it provide a traditional
public function.   Additionally, Village Gun Shop's actions do
not constitute a connection with state action sufficient to
warrant a holding that it is a state actor under the nexus or
joint function test.   The Court holds that Village Gun Shop is
not a state actor for the purposes of this section 1983 action.
Accordingly, the Owner's Motion for Partial Summary Judgment is

DENIED and summary judgment is GRANTED to Village Gun Shop.  The
Court has the undoubted authority to enter summary judgment
against the moving party pursuant to Federal Rule of Civil
Procedure 56(f)(1).  Judgment will enter in favor of Village Gun
Shop at the close of the case.


SO ORDERED.




                                        /s/ William G. Young

                                         William G. Young
                                          District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


Civil Action No.
1:12-40032 LTS


Russell Jarvis, Et Al
Plaintiffs


V.


Mary Elizabeth Heffernan, et al
Defendants


FINAL JUDGMENT

November 24, 2014


SOROKIN, J.

     Final Judgment has entered in favor of Village Gun Shop as directed in Judge Young's opinion docket number [71] dated October 15, 2014.


  SO ORDERED.


                    /s/ Leo T. Sorokin                 
                    UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RUSSELL JARVIS; JAMES JARVIS; ROBERT CRAMPTON; and COMMONWEALTH SECOND AMENDMENT, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> VILLAGE GUN SHOP, INC. d/b/a VILLAGE VAULT; and SECRETARY ANDREA CABRAL, in her Official Capacity as Secretary of the Executive Office of Public Safety and Security, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CIVIL ACTION NO. 1:12-cv-40032 |

## NOTICE OF APPEAL

Notice is hereby given that Plaintiffs Russell Jarvis, James Jarvis, Robert Crampton, and Commonwealth Second Amendment, Inc. hereby appeal to the United States Court of Appeals for the First Circuit from the Memorandum and Order entered in this action on October 15, 2014 (Doc. No. 71).  The Court entered Final Judgment on November 24, 2014 (Doc. No. 78).

Respectfully submitted,

THE PLAINTIFFS,
By their attorneys,

 /s/ David D. Jensen
David D. Jensen, Esq.
DAVID JENSEN PLLC
111 John Street, Suite 420
New York, New York 10038
Tel:  212.380.6615
Fax:  917.591.1318
david@djensenpllc.com

Dated: November 26, 2014

Patrick M. Groulx, Esq.
BBO No. 673394
Donahue, Grolman & Earle
321 Columbus Avenue
Boston, Massachusetts 0116
Tel:  617.859.8966
Fax:  617.859.8903
P.O. Box 45504
patrick@d-and-g.com


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on November 26, 2014.

 /s/ David D. Jensen
David D. Jensen, Esq.