UNITED STATES COURT
OF APPEALS FOR THE FIRST CIRCUIT

| | |
|---|---|
| RUSSELL JARVIS; JAMES JARVIS; ROBERT CRAMPTON; and COMMONWEALTH SECOND AMENDMENT, INC.,<br><br>　　　　　　　　　　Plaintiffs-Appellants,<br><br>　　v.<br><br>VILLAGE GUN SHOP, INC.,[*]<br>d/b/a VILLAGE VAULT ,<br>　　　　　　　　　　Defendant-Appellee,<br><br>DANIEL BENNETT, in his Official Capacity as Massachusetts Secretary of the Executive Office of Public Safety and Security.<br>　　　　　　　　　　Defendant. | Case No.: 14-2249 |

## AFFIDAVIT OF DAVID R. MARKS

1.　　I am an Assistant Attorney General in Massachusetts and I represent the Secretary of the Executive Office of Public Safety and Security (EOPSS), in the above-captioned matter.

2.　　This is an appeal, brought by the plaintiffs/appellants, from a decision of the District Court for the District of Massachusetts, entering a judgment of dismissal of the above case, as against the defendant-appellee Village Gun Shop d/b/a Village Vault. In the District Court, the plaintiffs filed a partial motion for summary judgment against defendant Village Gun Shop arguing that its actions taken in the plaintiffs' cases, under the authority of G. L. c. 140, § 129D, violated due process and that the defendant Village Gun Shop was then acting as a state agent. G. L. c. 140 § 129D, authorizes police departments that have seized firearms because the owner has become unlicensed, to transfer the firearms to private "bonded warehouses" to hold

---

[*]Under Fed. R. Civ. P. 25(d), Daniel Bennett, as the successor in office, is substituted as a party.

privately-owned firearms and ammunition, and allows charging the owners' storage fees. The Secretary filed a memorandum of law opposing the summary judgment motion, primarily arguing that the statute's provisions and Village Gun Shop's actions thereunder did not violate due process. The District Court determined that Village Gun Shop was not a state actor and entered summary judgment in favor of Village Gun Shop. The District Court did not address the due process arguments. The plaintiffs then voluntarily moved to dismiss all counts against the defendant Secretary and moved that judgment enter in favor of defendant Village Gun Shop. Plaintiffs then sought an appeal in the First Circuit.

3. In their brief on appeal, the plaintiffs-appellants raise again their claims that the procedures authorized by the statute violate due process. The Secretary is considering filing an amicus curiae brief to defend the constitutionality of G. L. c. 140, § 129D. The Secretary has a greater interest in doing so than the private party defendant-appellee. At the present, since appellee has filed its brief, under Fed. R. App. P. 29, an amicus brief would be due on May 6, 2015. The Secretary and the Assistant Attorney General assigned to this matter, require additional time to prepare and file an amicus brief.

4. The plaintiff-appellant's brief raises legal and factual issues that require close attention to, and careful review of, the entire record of the trial court's proceedings. My work on the amicus brief has been, and will be, interrupted and delayed by conflicting responsibilities, other case-related deadlines, and other personal conflicts. In addition, the Secretary's office still needs to approve the filing of an amicus brief.

5. During the past several weeks, in addition to limited work on the amicus brief, I have devoted substantial time to other case responsibilities. For example, I have been preparing for oral argument, on May 5, 2015, in <u>Alfredo Tirado et al. v. Board of Appeal on Motor Vehicle</u>

Liability Policies and Bonds et al., Massachusetts Supreme Judicial Court, No. SJC-11818. On April 13, 2015, I compiled and filed a lengthy and complex Administrative Record in, Michael Dell'Isola v. State Board of Retirement, in Suffolk County Superior Court, No. SUCV2014-04084-E, and on April 15, 2015, I compiled and filed the Administrative Record in Richard R. Hurteau v. Commonwealth of Massachusetts acting by and through Building Code Appeals Board, Worcester County Superior Court, Civil Action No. WOCV2014-01880 –A. I drafted an amended Joint Statement Re Scheduling Conference and engaged in, and prepared for, an April 30 settlement conference and, attended a May 1, 2015, scheduling conference, in the case, Sam H., et al. v. Deval Patrick, et al., United States District Court for the District of Massachusetts, No. 14-10106-MLW.

6. In addition, I am drafting an opposition to a motion for judgment on the pleadings, due on May 12, 2015, in Boston Police Department v. Monteiro and the Civil Service Comm'n, Suffolk Superior Court No. SUCV2014-003337; I am drafting a brief for the Firearms Records Bureau in Brown v. Delmonte, Appeals Court No. 2014-P-1942, presently due in mid-May, 2015; and I am drafting a brief for the Department of Children and Families, in an impounded case, Massachusetts Appeals Court No. 14-P-1624, presently due on May 11, 2015.

7. My work on the amicus brief has also been interrupted, and will be further interrupted, due to my need to increase the time I have had to devote to the care of my 11 year-old daughter, as my wife is travelling out of the country from April 25 to May 8, 2015.

8. Therefore, for the above reasons, and due to a reduced level of support staff in my office, the need to accommodate vacation schedules, and the need to have the brief reviewed and approved by internal Attorney General's Office supervisors and by the EOPSS, additional time to June 9, 2015, is essential to properly prepare, finalize, and file the amicus brief.

Signed under the penalties of perjury, this 1st day of May, 2015.

/s/ David R. Marks

_____

David R. Marks

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above Affidavit of David R. Marks, was filed through the Electronic Case Filing (ECF) system on May 1, 2015, and thus copies will be sent electronically to the registered participants as identified on the Court's Notice of Electronic Filing (NEF); paper copies will be served by first-class mail, postage prepaid, to those indicated on the NEF as non-registered participants.

/s/ David R. Marks

_____

David R. Marks

May 1, 2015