No. 14-2249

United States Court of Appeals
for the First Circuit

RUSSELL JARVIS; JAMES JARVIS; ROBERT CRAMPTON; AND COMMONWEALTH SECOND AMENDMENT, INC.,
*Plaintiffs-Appellants*,

VILLAGE GUN SHOP, INC., D/B/A VILLAGE VAULT,
*Defendant-Appellee,*

ON APPEAL FROM A JUDGMENT OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**MOTION OF AMICI CURIAE COMMONWEALTH OF MASSACHUSETTS AND EXECUTIVE OFFICE OF PUBLIC SAFETY AND SECURITY FOR PERMISSION TO PARTICIPATE IN ORAL ARGUMENT**

Pursuant to Fed. R. App. P. 29(g), the Commonwealth of Massachusetts and the Executive Office of Public Safety and Security, as amici curiae, respectfully move for permission to participate in the oral argument of this case, when scheduled. In support of this motion, the amici state:

1. The plaintiffs-appellants are appealing from the dismissal of their 42 U.S.C. § 1983 action against Village Gun Shop, Inc., d/b/a Village Vault ("Village Vault").

2. Plaintiffs argue that Village Vault violated their Fourteenth Amendment rights to due process of law when it took certain actions under authority of G. L. c. 140, § 129D. This statute provides for private storage of firearms, at the owner's expense, seized by the police when the owner has lost the legal right to possess the firearms.

3. The Amicus Brief was filed pursuant to Fed. R. App. P. 29(a) on behalf of the Commonwealth of Massachusetts and the Executive Office of Public Safety and Security, supporting the defendant/appellee's position in this case. The amici have an interest in upholding the constitutionality of the Commonwealth's laws, and specifically, in administering and enforcing its laws regulating firearms.

4. The plaintiffs' claims essentially amount to an attack on the constitutionality of the statute because they claim that compliance with the statute's terms violates due process.

5. The Commonwealth has a vested interest in the legal provisions whereby police transfer lawfully seized guns to a private facility for storage, at the owner's expense, under a statutory scheme granting the police discretion to make such transfers, where the owner has failed to exercise his statutory right to make other arrangements for the sale or the transfer of his guns.

6. While the defendant-appellee, as a private business, has an interest in defending the District Court's decision that it is not a state actor, the amici

government entities have a greater interest in, familiarity with, and help to administer the procedures set forth in G. L. c. 140, § 129D. Indeed, the Secretary of the Executive Office of Public Safety and Security was originally made a defendant in this case and participated in the litigation, but was voluntarily dismissed from the case prior to judgment being entered and the appeal being filed.

7. If the Court permits the amici to participate in the oral argument, defendant-appellee has expressed a willingness to evenly split with amici the time provided for appellee to orally argue. Assistant Attorney General David R. Marks will argue on behalf of both amici curiae. Additionally, plaintiffs-appellants have assented to this motion.

Therefore, because of the Commonwealth's keen interest in the effective administration and enforcement of firearms laws, the Commonwealth amici respectfully move this Court to grant leave for it to participate in oral argument.

Respectfully submitted,

COMMONWEALTH OF
MASSACHUSETTS and
EXECUTIVE OFFICE OF PUBLIC
SAFETY AND SECURITY,

By their attorney,

MAURA HEALEY
ATTORNEY GENERAL

/s/ David R. Marks
_____

David R. Marks  
Assistant Attorney General  
Court of Appeals Bar No. 1158588  
Office of the Attorney General  
One Ashburton Place  
Boston, MA 02108-1698  
(617) 963-2362  
(617) 727-5785 (Facsimile)  
David.Marks@state.ma.us

July14, 2015

## CERTIFICATE OF SERVICE

I hereby certify that the above Motion of Amici Curiae Commonwealth of Massachusetts and Executive Office of Public Safety and Security, for Permission to Participate in Oral Argument filed on Behalf of the Commonwealth of Massachusetts and Its Executive Office of Public Safety and Security, was filed through the Electronic Case Filing (ECF) system on July 14, 2015, and thus copies will be sent electronically to the registered participants as identified on the Court's Notice of Electronic Filing (NEF); paper copies will be served by first-class mail, postage prepaid, to those indicated on the NEF as non-registered participants.

/s/ David R. Marks

_____

David R. Marks

July 14, 2015